## Residence Under Public Assistance Law

RUTHERFORD, Deputy Attorney General, January 17, 1955.—This department is in receipt of your communication requesting advice relative to legal residence of unemancipated minors and wives under the Public Assistance Law of June 24, 1937, P. L. 2051, as amended, 62 PS §2501 et seq.

Specifically, you present the following questions:

1. Do minor children over one year of age, who have been absent from Pennsylvania after having resided with their parents in Pennsylvania for a year or more, meet the residence requirements for public assistance when they return to the home of their parents who have retained residence in Pennsylvania?

2. Must minor children over one year of age who come to reside with their parent or parents in Pennsylvania be in the State for a year or more in order to meet the residence requirements for public assistance, even though their parent or parents had already resided in Pennsylvania for a year or more immediately prior to the coming of the children?

3. Do minor children over one year of age who meet the residence requirements for public assistance lose their eligibility on the basis of residence if either or both parents go to live in another State and the children continue to reside in Pennsylvania?

4. Must a married woman qualify in her own right on the basis of having resided in the Commonwealth under the conditions specified in the Public Assistance Law, or does her eligibility on the basis of residence depend on that of her husband?

Section 9 of the Public Assistance Law, supra, was amended by the Act of August 22, 1953, P. L. 1361, 62 PS §2509. Sections of the act providing for settlement and quasi-settlement were eliminated by this amendment. Section 9 of the Public Assistance Law, as amended, supra, provides that in the absence of reciprocity with the other State, the applicant must

have resided within the State of Pennsylvania for one year immediately preceding the date of making application for assistance.

Section 9, as amended, provides:

"Eligibility for Assistance.—Any person residing within this Commonwealth shall hereafter be entitled to receive public assistance, as provided by law, without regard to the period of time he or she has resided therein, and the Department of Public Assistance shall grant assistance without regard to the period of time any person seeking public assistance and otherwise entitled thereto shall have resided within this State: Provided, however, *That if the applicant for public assistance has resided in Pennsylvania for less than one year immediately preceding the date of making application for assistance, such person shall only be entitled to receive public assistance if he or she was last a resident of a state which by law, regulation or reciprocal agreement with Pennsylvania grants public assistance to a person who has resided therein for less than one year.* A child less than one year of age is considered as deriving residence from either (1) a parent, or (2) other relative with whom he is living, as provided in this section. Except as hereinafter specifically otherwise provided in the case of pensions for the blind, all persons of the following classes, except those who hereafter advocate and actively participate by an overt act or acts in a movement proposing a change in the form of government of the United States by means not provided for in the Constitution of the United States, shall be eligible to receive assistance, in accordance with rules, regulations and standards established by the Department of Public Assistance, with the approval of the State Board of Assistance, as to eligibility for assistance, and as to its nature and extent. Absence in the service of the Commonwealth or of the United

States shall not be deemed to interrupt residence in the Commonwealth if a domicile has not been acquired outside the Commonwealth.

"(a) Dependent Children. . .

"(b) Aged Persons. . .

"(c) Blind Persons. . .

"(c.1) Disabled Persons. . .

"(c.2) Any children. . .

"(d) Other persons. . ."

(Italics supplied.)

Under the above-quoted provision of the Public Assistance Law, an applicant, unless he comes from a State which, on the basis of reciprocity with Pennsylvania, requires no residence as a condition of eligibility, is required to have one year's residence immediately preceding the date of making application for assistance. In other words, the applicant must have lived in Pennsylvania for one year.

We shall first consider the problem of the unemancipated minor child. In Pennsylvania infants or minors do not establish their own residence but acquire their residence by operation of law; that is, they derive residence through their parents or other guardians. A child is under the control of its parents or other relative and, in certain instances, such as where it is a dependent, neglected or delinquent child, it is under the control of the juvenile court. A child does not have intent to establish a residence or to acquire one elsewhere in the same manner as an adult. Planning for the living arrangements of children or minors is done not by them but for them by persons for their care, custody or control.

Though legally the words "residence" and "domicile" are not convertible terms, they can be construed as synonymous: In re Lewis' Estate, 10 Pa. C. C. 331, and In re Cannon's Estate, 15 Pa. C. C. 312, 10 Montg. 179, in which the court held that the word

"residence" is to be construed as synonymous with "domicile"; also that residence is a matter of intention and a minor, unemancipated, cannot form such an intention for himself.

That "legal residence" is synonymous with domicile see the Lesker Case, 377 Pa. 411, 105 A. 2d 376 (1954), where the court said, at pages 415-16:

"There can be no doubt, therefore, that in order to qualify under Article 2, Section 5 of our present Constitution a candidate for assemblyman must be an inhabitant (a permanent resident) within his claimed legislative district; and he must have resided there, that is, maintained a permanent home establishment there, for at least a year.

". . . It must be recognized that some confusion has arisen in the lay mind as to what constitutes legal residence because the word *residence* is often used synonymously with *domicile*. Not only are *residence* and *domicile* employed synonymously and interchangeably but often they are used overlappingly with one word including, within its meaning, a part of the meaning of the other. Thus, the person with a country home and a city home may with grammatic correctness say that he resides at both places. In point of law, however, only one of these places can be his permanent legal residence, that is, his domicile. . .".

In Pennsylvania, as stated above, the domicile or legal residence of a minor child follows that of his ·father, and continues until he acquires a domicile or legal residence of choice which he cannot do until he becomes sui juris. See Guier v. O'Daniel, 1 Binn. 349 note; In re Hood's Estate, 21 Pa. 126 (1853) ; Dorrance's Estate, 309 Pa. 151 (1932).

In A. L. I. Restatement of the Law of Conflict of Laws §30, we find this statement:

"Except as stated in §§ 31 to 35, a minor child has the same domicil as that of its father."

The exceptions mentioned relate to domicile of an emancipated child, a child whose parents are divorced or separated, an illegitimate child, an abandoned child and an adopted child.

An emancipated child can acquire a domicile of choice: Section 31. A minor child's domicile or legal residence in the case of divorce or judicial separation of its parents is that of the parent to whose custody it has been legally given; if there has been no legal fixing of custody, its domicile or legal residence is that of the parent with whom it lives, but it lives with neither, it retains the father's domicile: Section 32.

Section 33 provides:

"Abandoned Child.

"(1) Subject to the statement in Subsection (2).

"(a) a child abandoned by one parent has the domicil of the other parent, and

"(b) a child abandoned by both parents has the domicil of the parent who last abandoned it at the time of the abandonment; if both parents abandon it at the same time, it has the domicil of the father at the time of abandonment.

"(2) The statements in Subsection (1) are not applicable to determine the domicil of an abandoned child for whom a guardian has been appointed."

An illegitimate minor child has the same domicile or legal residence as that of its mother: Section 34.

An adopted minor has the same domicile or legal residence as that of the adoptive parent: Section 35.

Following the general rule as stated above, that the legal residence of a minor child is that of the father or other parent or guardian, as the case may be, we present the following answers to your particular questions:

1. The answer to your first question is in the affirmative. Minor children over one year of age who have been absent from Pennsylvania after having re-

sided with their parents in Pennsylvania for a year or more do meet the residence requirements for public assistance when they return to the home of their parents in Pennsylvania, who have retained their residence in Pennsylvania. According to A. L. I. Restatement of the Law of Conflict of Laws §30, the legal residence of the minor child continues to be that of the parent even while away from his parent. See illustrations under section 30.

2. The answer to your second question is in the negative. Minor children who come to reside with their parent or parents in Pennsylvania do not have to be in the State for a year or more if their parent or parents meet the residence requirement of one year. Stated on a positive basis, minor children over one year of age who come to reside with their parent or parents in Pennsylvania qualify as far as residence of one year is concerned if their parent or parents have resided in Pennsylvania for a year or more immediately preceding the date of making application for assistance.

3. The answer to your third question is in the negative. Such children derive residence through their parents or relatives specified in section 9 (a) of the Public Assistance Law. Under section 9 (a) a dependent child is eligible for public assistance if the child is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle or aunt, in a place of residence maintained by one or more of such relatives as his or their own home.

We turn now to the question of residence of a married woman. We find in the Restatement of the Law, supra, section 27, that a wife, with certain exceptions, has the same domicile or legal residence as that of her husband. However, if a wife lives apart from her husband without being guilty of desertion,

according to the law of the State which was their domicile or residence at the time of separation, she can have a separate domicile or residence.

Following the general rule stated above, that the residence of a wife is that of her husband, we present the following answer to your particular question:

4. The answer to your fourth question is in the affirmative unless the wife is living with her husband who has residence, in which event she would, under the Public Assistance Law, derive residence from her husband. If a married woman is living separate and apart from her husband, she should qualify in her own right on the basis of having resided in Pennsylvania under the conditions specified in the Public Assistance Law; if she is living with her husband, then, as stated above, her legal residence follows that of her husband.

The above interpretations are in accord with the legislative intent of the Public Assistance Law, supra, as expressed in section 1 of the Public Assistance Law, supra, as amended by the Act of May 21, 1943, P. L. 434, 62 PS §2501, that assistance shall be administered promptly and humanely with due regard for the maintenance and preservation of family life, as follows:

"It is hereby declared to be the legislative intent that the purpose of this act is to promote the welfare and happiness of all the people of the Commonwealth, by providing public assistance to all of its needy and distressed; that assistance shall be administered promptly and humanely *with due regard for the preservation of family life,* and without discrimination on account of race, religion or political affiliation; and that assistance shall be administered in such a way and manner as to encourage self-respect, self-dependency and the desire to be a good citizen and useful to society." (Italics supplied.)

This represents the intent of the legislature which is in conformity with the present day emphasis on the importance of preserving and stabilizing the family unit.

We are of the opinion, therefore, and you are accordingly advised that the general principle of law that the legal residence of an unemancipated minor child follows that of the father, mother, or guardian, as the case may be, should be adhered to in the administration of the Public Assistance Law of June 24, 1937, P. L. 2051, as amended, 62 PS §2501 et seq.; also, that the general principle of law that the legal residence of a wife follows that of her husband except in certain specified instances, is also to be followed in the administration of the Public Assistance Law, as amended, supra.